ELIZABETH DONOVAN *vs.* AMERICAN LINEN COMPANY.

Bristol.    October 28, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Negligence*, Employers' liability: Assumption of risk.  *Evidence*, Materiality.

In an action by a weaver against the owner of the mill in which she was employed for an injury caused by the plaintiff slipping while passing down the main alley of the weave room in which she worked, on her way out of the mill after it had stopped at night and the lights had gone out, it appeared, that the

mill was lighted by electricity from a dynamo driven by the main engine of the mill which stopped when the engine stopped. The accident occurred on September 20, the day was dark and rainy, and the mill stopped at 6 P. M. The plaintiff testified that when she reached the place where she slipped it was "pitch dark." On previous nights there had been sufficient natural light for her to see her way out. Held, that the risk, if any, of slipping caused by the darkness was a transitory risk which the plaintiff must be held to have assumed.

In an action by an employee of a mill in which the electric lights always went out when the engine stopped, for injuries alleged to have been caused by a fall due to want of light after the mill had stopped and the plaintiff had started to go home, the plaintiff offered evidence of a custom in other mills to leave the lights on till the operatives got out. The evidence was excluded. Held, that the exclusion was right. The plaintiff knew that the custom did not exist in the mill in which she worked and had continued in the defendant's employ without objection, and could not be allowed to show that another course was followed in other mills.

Tort, with counts at common law and under the employers' liability act, by a weaver for injuries received from a fall alleged to have been caused by the failure of the defendant to light the alley through which the plaintiff was passing on her way to leave the mill after it had stopped for the night. Writ dated October 21, 1899.

In the Superior Court, *Hopkins*, J. directed a verdict for the defendant; and the plaintiff alleged exceptions.

*J. W. Cummings*, (*C. R. Cummings* with him,) for the plaintiff.
*A. J. Jennings*, for the defendant.

Morton, J. This is an action for personal injuries. The accident occurred September 20, 1899. The plaintiff was a weaver in the defendant's mill, and slipped and received the injuries complained of while passing on her way out of the mill down the main alley of the weave room in which she worked, after the mill had stopped at night, and after the lights had gone out. The room was in the third story of the mill and was lighted by electricity from a dynamo which was driven by the main engine of the mill, and which stopped when the engine stopped, though the momentum of the machinery kept the lights more or less bright for some minutes after the steam was shut off from the engine. The mill usually stopped at 6 P. M., and did so on the night of the accident, and the lights were usually out entirely by the time the plaintiff got to the place where she slipped on the night of the accident. The plaintiff was about thirty years old, and had been a weaver sixteen years and had worked in the

defendant's mill two weeks. The conditions were the same on the night of the accident as when she went to work there, and as on the other nights during the time that she had been there, except that the day had been dark and rainy, requiring artificial light almost all day, and when she reached the place where she slipped, it was, as she testified, " pitch dark." On previous nights there had been sufficient natural light for her to see her way out. A track consisting of two iron rails, about fourteen inches apart rising " not quite a quarter of an inch, just a little bit above the floor," as the plaintiff testified, ran down the alley. It was a common track such as the plaintiff was familiar with and was used for pushing back and forth a truck that contained material used in the room. The plaintiff did not know what she slipped on but thought she slipped on an iron rail.

At the close of the plaintiff's evidence the court directed a verdict for the defendant, and the case is here on the plaintiff's exceptions to that ruling, and to another ruling in regard to evidence. We think that both rulings were right.

If we assume in the plaintiff's favor that the darkness caused her to slip, then, the gist of the plaintiff's case is that the defendant is liable because on a dark night it did not light the alley way after the mill had shut down so that she could see her way out. She was familiar with the alley way, and we think that the risk, if any, of slipping caused by the darkness was a transitory risk which she must be held to have assumed. *Thompson* v. *Norman Paper Co.* 169 Mass. 416. *Kanz* v. *Page,* 168 Mass. 217. *Whittaker* v. *Bent,* 167 Mass. 588.

The evidence, that was offered of the custom in other mills to leave the lights on till the operatives got out, was rightly rejected. The plaintiff knew that it was not the custom in this mill to do so, and continued in the defendant's employ without objection. She cannot now be heard to say that another method was followed in other mills.

· *Exceptions overruled.*