MAURICE W. CARBURY *vs.* EASTERN NUT AND BOLT· COMPANY.

PROVIDENCE—APRIL 25, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1) ` Contributory Negligence. Master and Servant.*

Where a servant in leaving his place of employment, proceeded after the lights had gone out, along a space between machinery which he knew to be encumbered, and while in the dark fell over an obstruction and was injured, he is guilty of such negligence as will bar recovery.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial after direction of verdict for defendant. Petition denied.

PER CURIAM. This action was brought to recover for injuries suffered by the·plaintiff from a fall' in the manufactory of the defendant, where he was employed. `

His own description of the accident is as follows: "When the whistle blew in the engine room I started out with parties and went up to wash at the sink; after I got through washing I turned around to go back to the tool room to get my towel where my coat hung, and as I turned away from the sink I took about one step and the lights went out and I hesitated a moment—I knew the rail was there—I lifted my foot to get over it and I thought I had stepped over it, but my toe caught and I stumbled and fell on my hands and leg. I don't remember whether it was two or three boxes, they set up eighteen inches from the floor, and I fell down on them. I got up and stayed there first for about half a minute and then I went out through the aisle and down to the tool room, and when I got to the tool room I looked at my leg and it was skinned, bleeding a little, so I showed it and told the fellows about it, two more there, and they commenced to laugh at me because I stumbled, and two of us came out and got the car home."

(1)    It appeared from other evidence in the case that the place where the plaintiff fell was not a passageway, but a space between the machinery in which boxes were sometimes stored.

The plaintiff chose ·to pursue this way, which he knew to be encumbered, rather than to go around by the safer passage. He very clearly took the risk of the danger, which he knew. The.light went out before he stumbled,. and this circumstance imposed upon him the duty ·of extra care. His conduct in proceeding in·the dark, without feeling for·the obstacle or calling for light, was reckless in the extreme and precludes his recovery. *O'Neil* v. *Bates,* 20 R. I. 794; *Taylor* v. *Carew Mfg. Co.,* 143 Mass. 470; *Benson* v. *N. Y., N. H. & ·H. R. R. Co.,* 26 R. I. 406; *Donovan* v. *Amer. Linen Co.,* 180 Mass. 127.

The verdict for the defendant was properly directed.

The petition for a new trial is denied, and the cause is remitted to the Common Pleas Division for judgment on the verdict.

*John I. Devlin,* for plaintiff.

*Vincent, Boss & Barnefield,* for defendant.