MICHAEL J. ROONEY *vs.* BOSTON AND MAINE RAILROAD.
SAME *vs.* RICHARD S. LOMBARD.

Suffolk.    December 9, 1910. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability, Invited person, In freight house.    *Railroad.*

A dealer in hay, who sends a teamster in his employ to a freight house of a railroad corporation for bales of hay, owes no duty to such teamster previously to inspect the piles of bales of hay in the freight house to ascertain whether they are piled carefully so as not to fall on the teamster when he is passing a pile.

In an action by a teamster in the employ of a dealer in hay against a railroad corporation, for personal injuries sustained when the plaintiff had been sent by his employer to a freight house of the defendant for nine bales of hay and, after he had put two bales on his team and was rolling out the third, a bale of hay fell upon him from a pile of bales as he was passing it, where there is evidence tending to show that the manner in which the bales were piled was improper and dangerous and rendered them likely to fall, so that the question of the defendant's negligence is for the jury, the questions, whether the plaintiff in the exercise of due care should have observed the manner in which the hay was piled and whether the way in which he took out the three bales was a proper one and, if it was not, whether it contributed to the accident, also are for the jury.

TWO ACTIONS OF TORT by the same plaintiff, in the first case against the Boston and Maine Railroad, and in the second case against Richard S. Lombard, a dealer in hay and grain, for injuries sustained by the plaintiff on December 29, 1906, when, in the course of his duty as a teamster in the employ of the defendant in the second case, he had been sent to get nine bales of hay from a freight house of the defendant in the first case in that part of Boston called Charlestown, and, after he had put two bales of hay on his team and was rolling out the third bale, a bale of hay fell upon him from a pile of bales as he was passing it.    Writs dated March 15, 1907.

The declaration in the first case alleged negligence of the defendant in neglecting its duty to manage and control the storage of the hay in a safe manner in respect to the plaintiff and in neglecting its duty to keep and maintain the piled hay in a safe condition in respect to the plaintiff.    The declaration in the second case alleged that the plaintiff's injuries were caused by

the negligence of the defendant in setting the plaintiff at work in a dangerous place without due warning and instruction, and by the negligence of the defendant in failing to furnish and maintain for the plaintiff proper and safe appliances, ways, works, means and instruments, or to furnish and maintain for him a safe place in which to work.

In the Superior Court the two cases were tried together before *Dana*, J.   The facts which could have been found upon the evidence are stated in the opinion.   At the close of the plaintiff's evidence the judge ordered a verdict for the defendant in each of the cases, with the agreement of the parties which is stated in the opinion.   The plaintiff alleged exceptions, incorporating this agreement.

The case was submitted on briefs.

*D. H. Coakley, R. H. Sherman & W. Flaherty*, for the plaintiff.

*A. R. Tisdale*, for the Boston and Maine Railroad.

*G. C. Dickson & C. S. Knowles*, for the defendant Lombard.

MORTON, J.   These two actions, which grew out of one and the same injury, were tried together.   In each case the judge, subject to the plaintiff's exceptions, directed a verdict for the defendant, the parties agreeing that if the ruling was right judgment should be entered on the verdict, but, if wrong, that judgment should be entered for the plaintiff against one or both defendants in the sum of $500.   We think that the ruling directing a verdict for the defendant Lombard was right, but that directing a verdict for the railroad company was wrong.

There was no evidence tending to show that Lombard had anything to do with the piling of the bales, one of which fell and injured the plaintiff.   The bales were in a freight shed belonging to the railroad company, and it could have been found that they were piled in the shed by and under the direction of its servants and agents, as they were unloaded from the cars on their arrival.   The shed did not constitute a part of the defendant Lombard's ways, works and machinery.   He had nothing to do with it except to go there or send some one there to get the hay upon receiving from the railroad company notice of its arrival.   Neither he nor his foreman owed to the plaintiff any duty to inspect the place where the hay was stored.   *Dunn* v. *Boston & Northern Street Railway*, 189 Mass. 62.   They had a

right to assume that the place was a safe place and that the hay had been stored in a proper manner. It would be imposing too great a burden on the master to require that where the servant was sent to another place on his master's business the master should go with him or send some one with him to inspect the premises to see if they were safe. See *Eisner* v. *Horton*, 200 Mass. 507.

If any duty of inspection rested upon any one it would seem to have been upon the plaintiff himself. And whether in the exercise of due care he should have observed the manner in which the hay was piled was plainly a question for the jury, as was also the question whether the way in which he took out the bales was a proper one, and if it was not, whether it contributed to the accident.

There was evidence tending to show that the manner in which the bales were piled was improper and dangerous, and rendered them more liable to fall, and that that was the proximate cause of the plaintiff's injury.

The result is that we think that judgment for $500 for the plaintiff should be entered against the railroad company, and that judgment should be entered on the verdict for the defendant Lombard.

*So ordered.*