WILLIAM FLYNN *vs.* CHARLES A. CAMPBELL & another.

Middlesex,   September 7, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Action.*

A. was employed by B. to wheel coal from a coal shed to a fire room.   While he was shovelling coal in the shed, a load of coal was dumped through a hatchway in the roof, striking and injuring him.   A. had been in B.'s service for four years and a half, and knew the way in which coal was put into the shed, but did not know the exact time when it would be done.   The coal was brought up on lighters by a canal, and discharged from the lighters into the shed.   During his employment, A. had never been warned by B. when coal was to be delivered. *Held,* that there was no breach of duty on B.'s part upon which A. could found an action for his injury.

HOLMES, J.   This is an action of tort, brought against two defendants jointly to recover damages for personal injuries.   The plaintiff was employed by the defendant, the Boston Woven Hose Company, to wheel coal from a coal shed to a fire room.

While he was shovelling coal in the shed a load of coal was dumped through a hatchway in the roof and struck his foot. This is the injury complained of. The breach of duty alleged against the Hose Company is the failure to warn the plaintiff that coal was to be delivered that day. The other defendant, Campbell, is alleged to have discharged the coal, also without warning. At the trial, the judge ruled that the evidence did not warrant a verdict against either defendant, and the case is here on exceptions. We do not understand the ruling to have proceeded on technical grounds as to the joinder of parties, nor in view of our opinion on the merits shall we give such grounds any consideration.

In the first place, as to Campbell, we think that the evidence fairly construed, even as it appears in print, does not show that he discharged the coal. No doubt there are a few words in the testimony of one witness, which, if they stood alone, and had been left to the jury, might have been said to be some evidence. Macauley, the man who dumped the coal in question, testified " that he was employed by Campbell, was sent by Campbell's foreman from Campbell's coal wharf in Chelsea, and was instructed to wheel and discharge the coal from the lighter." But Campbell, being called by the plaintiff, explained in the fullest way, that a corporation of which he was treasurer and manager, called the Boston Lighterage and Towing Company, occupied the same office with him, and that that company sent the men to do the work for the Hose Company. He added that the men did the work for the Hose Company, and that the bill for their work, although paid in the first instance by the Lighterage Company, was sent to and finally paid by the Hose Company. Even if the plaintiff wished to dispute the last statement, we see no reason to suppose that he denied the existence and functions of the Lighterage Company, as stated by Campbell and recognized by Macauley. Having them in view, it is reasonable to interpret Macauley's testimony as meaning no more than that his orders came from Campbell's office, not as distinguishing between Campbell and the Lighterage Company, and as meaning that he was employed by the former. The witness shows that he means no more than we have supposed, by going on to say that sometimes he was paid by Campbell and sometimes

by the Lighterage Company, and that he did not know by whom he was paid for this job.

We are of opinion also, that no breach of duty is made out against the Boston Woven Hose Company. No attempt is made to charge it on the ground that the trespass was committed by its servant. The difficulty with that is that the plaintiff is a fellow servant, and this is an action at common law. The only complaint is that the defendant did not warn the plaintiff that the coal was to be put in on the day of the accident. The plaintiff had been in the defendant's service for four years and a half, and knew that coal was put into the shed and the way in which it was done. The only thing which he did not know was the exact time when it would be done. The coal was brought up on lighters by a canal, and discharged from the lighters into the shed. Of course it was easy to see whether a lighter was in position to unload or not. During his employment the plaintiff never had been warned by the defendant, and must be taken not to have expected a warning from it. There was no permanent dangerous condition of the premises. The possibility of a recurring temporary danger the plaintiff knew. The actual danger of the moment was due to a transitory act. Under the circumstances, the rule as to instructing inexperienced hands about the hidden dangers of their employment does not apply. As between this defendant and the plaintiff, the risk was on the plaintiff to find out when the coal would be dumped. If we suppose, as Campbell testified, that the coal was dumped by the Hose Company's servants, the impossibility of a different rule will be made plain. For it would be very strange to hold the company not answerable for the trespass because committed by the hand of a fellow servant, and yet answerable for not telling him that the trespass was about to be committed.

*Exceptions overruled.*

*F. H. Pearson & G. W. Pearson,* for the plaintiff.

*W. M. Noble,* for Campbell.

*R. M. Saltonstall,* for the Boston Woven Hose Company.