WILLIAM E. McCANN *vs.* JOHN A. KENNEDY.

Worcester.    September 29, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Trap — Duty of Supervision and Warning — Due Care.*

The duty of supervision and warning cannot be extended to every transitory risk, when the only thing the employee does not know is the precise time when the danger may exist.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration contained three counts, one at common law and the other two under the employers' liability act, St. 1887, c. 270, as amended by St. 1894, c. 499. Trial in the Superior Court, before *Gaskill,* J., who, at the close of the testimony for the plaintiff, and at the defendant's request, directed the jury to return a verdict for the de-

fendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*M. M. Taylor*, for the plaintiff.

*E. B. Glasgow*, for the defendant.

HOLMES, J. This is an action for personal injuries, on the ground of negligent superintendence. The plaintiff was at work upon a house in which the defendant was making some changes. He went up a ladder, stepped through a window, and then, in order to avoid a man who was working behind it, stepped to the left upon a joist which had been sawed nearly through for a well-hole, and fell. The plaintiff knew that the customary way to make well-holes was to lay the joists and then cut them out, and, so far as appears, knew where this well-hole would be. It would seem from the plaintiff's testimony that the joist had been cut very recently. Another witness stated, without contradiction, that he had cut it a moment before the accident, and had gone to get an axe to knock the joist out. The only ground on which the plaintiff could recover is, that while the joist remained it was a trap, and that he ought to have been warned. But the danger was momentary, and it would be impracticable to require employers to warn their men of every such transitory risk when the only thing the men do not know is the precise time when the danger will exist. *Flynn* v. *Campbell*, 160 Mass. 128, 130.

*Exceptions overruled.*