## George Lemery *vs.* Boston and Maine Railroad.

Suffolk.     November 12, 13, 1896. — January 6, 1897.

Present: Field, C. J., Allen, Holmes, Knowlton, Morton, Lathrop, & Barker, JJ.

*Petition to prove Exceptions — Personal Injuries — Railroad — Negligence — Trial — Offer of Proof.*

At the trial of an action for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant, the plaintiff's counsel read the pleadings and proceeded to open the case to the jury. Upon the defendant's motion, the judge directed him to specify the negligence on which he relied. He thereupon said that he was unable to state with any more precision than he had done in his pleadings the cause of the accident complained of, but in a bill of exceptions presented by him to the judge it was set forth that he "submitted the following statement of fact as his offer of proof of the cause of his injury : the following are the facts which the plaintiff offered to prove, and upon which he relies to maintain his action." The commissioner to whom was referred a petition to prove the exceptions found that, in order to conform to the exact truth, the words in quotation marks should be stricken out, and the following inserted in their place, viz.: "offered to prove the following facts." *Held,* that the variation was not of sufficient importance to defeat the plaintiff's right to prove his exceptions.

If a commissioner, to whom is referred a petition to establish the truth of exceptions alleged by the plaintiff at a trial, finds that the statement of facts offered to be proved, as set forth in the bill of exceptions, varied somewhat in phraseology and order from the statement of facts actually made at the trial, but the defendant does not contend that this variation is important, and this court considers that the two statements conformed in substance, the bill of exceptions as presented should not be defeated on this ground, but might and should have been amended if the changes were deemed to be of enough importance to require attention.

At the trial of an action against a railroad corporation, for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant, the plaintiff was directed by the judge to specify the negligence on which he relied; and, having stated that he was unable to state with any more precision than he had done in his pleadings the cause of the accident, because he lost his arm and was immediately removed from the place of the accident, he offered to prove certain facts showing, in substance, a defective railroad, by reason of which the cars jumped the track. There was then a colloquy between the judge and the plaintiff's counsel, in which the judge said, "It is an entirely different statement from any that has been heretofore made"; and again, "You said repeatedly you did not know what caused the accident." To this the plaintiff's counsel replied : "I say so now, your honor ; I don't know what caused the accident; and I said it was not within human possibility to determine, on the part of the plaintiff, what caused the accident; but the accident did happen, and I have merely stated the environment." *Held,* that this statement ought not to be con-

strued as a withdrawal of the plaintiff's contention that the accident happened in consequence of a defect in the railroad.

In an action against a railroad corporation for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant, while riding, in the latter's employ, upon a car which had been switched off the main track to a side track, and which jumped the track, the plaintiff did not rely solely upon the accident, but offered to prove due care on his own part and on the part of his fellow employees, the want of smoothness in the running of the cars, and the inferiority of the side track to the main track in respect to ballasting and grading. *Held,* that, taking the offer of proof of the other facts in connection with the happening of the accident, it was enough to entitle the plaintiff to put in his evidence.

PETITION to establish the truth of exceptions alleged by George Lemery at the trial of an action of tort for personal injuries brought by him against the Boston and Maine Railroad, and disallowed by *Lilley,* J., who presided at the trial in the Superior Court. The petition was referred to a commissioner, who made his report. The facts appear in the opinion.

The case was argued at the bar in November, 1896, and afterwards was submitted on briefs to all the judges.

*S. A. Fuller & C. H. Blood,* for the petitioner.

*S. Lincoln,* for the respondent.

ALLEN, J. At the trial, the plaintiff's counsel read the pleadings, and proceeded to open the case to the jury; whereupon, on motion of the defendant, the court directed him to specify the negligence on the part of the defendant on which he relied. The plaintiff thereupon said that he was unable to state with any more precision than he had done in his pleadings the cause of the accident complained of, but in his bill of exceptions as presented by him to the court it is set forth that he " submitted the following statement of fact as his offer of proof of the cause of his injury : the following are the facts which the plaintiff offered to prove, and upon which he relies to maintain his action." The commissioner finds that, in order to conform to the exact truth, the words in quotation marks should be stricken out, and the following inserted in place thereof, viz.: " offered to prove the following facts." The defendant now contends that the bill of exceptions as presented to the court did not exhibit correctly the manner in which the plaintiff presented his case to the court, in that he did not state that he relied upon these facts to prove the injury. We are of opinion that this variation is not of sufficient importance to defeat the plaintiff's

right to prove his exceptions. The plaintiff was in court, seeking to maintain his case. He had read the pleadings. Being directed to specify the negligence relied on, he referred to the pleadings which he had just read, and offered to prove certáin facts, which he proceeded to state. It seems to us quite clear that he offered to prove these facts as sustaining his case, and as showing the negligence relied on.

The commissioner also finds that the statement of facts offered to be proved, as set forth in the bill of exceptions, varied somewhat in phraseology and order from the statement of facts actually made at the trial. It is not, however, contended on the part of the defendant that this variation is important, and we think the statement as made in the bill of exceptions conformed in substance to the statement actually made at the trial; and that the plaintiff's bill of exceptions as presented should not be defeated on this ground, but might and should have been amended, if the changes were deemed to be of enough importance to require attention. *Morse* v. *Woodworth*, 155 Mass. 233.

We proceed, therefore, to consider the case on its merits, and for this purpose we take the bill of exceptions in the commissioner's draft and form, which he finds to conform exactly to the truth.

The declaration was in two counts; the first being at common law, and the second under the employers' liability act, St. 1887, c. 270. The first count alleged that the plaintiff was working in the employ of the defendant, and was riding upon a car which had been switched off the main track on to a track known as the D'Estey track, and while so riding and working, " by reason of the negligence of the defendant, its agents, officers, or servants, who were not the fellow servants of the plaintiff, said car on which he was working at the time jumped the track, to wit, the D'Estey track, near or at a frog," etc. The second count adds an averment " that said car jumped the track as aforesaid by reason of a defect in the ways, works, and machinery of the defendant, which arose from or had not been discovered or remedied, owing to the negligence or carelessness of some person in the employ of the defendant corporation, and intrusted by it with the duty of seeing that the ways, works, and machinery were in a proper condition." The plaintiff was directed to specify the negligence

on which he relied; and, having answered that he was unable
to state, with any more precision than he had done in his plead-
ings, the cause of the accident, because he lost his arm and was
immediately removed from the place of the accident, he offered
to prove that four cars had been cut off or detached from the
rear end of a freight train and were moving down the D'Estey
track, and the car immediately ahead of that upon which he was
riding left the D'Estey track and was derailed, as also the car
upon which he was riding, whereby he was thrown to the ground
and hurt; that he was in the exercise of due care, and that no
fellow servant of his contributed to the car's jumping the track
at the frog described in the declaration; that upon the D'Estey
track described in the declaration the cars did not run so smoothly
as they did upon the main tracks; that the train was running at a
rate of speed which was not unusual or improper; that before the
accident cars had jumped the track at the same place, and the track
had not since been fixed and repaired; and that the ballasting or
grading of the track was not so good as upon the main track.

From this we think it was sufficiently plain that the plaintiff
relied on the ground that the railroad was defective at that
place.  The court required him to specify what negligence of
the defendant he relied on.  He answered, in substance, a de-
fective road, by reason of which the cars jumped the track.

There was then a colloquy between the court and the plain-
tiff's counsel, in which the court said, " It is an entirely differ-
ent statement from any that has been heretofore made"; and
again, " You said repeatedly you did not know what caused the
accident."  To this the plaintiff's counsel replied, " I say so
now, your honor; I don't know what caused the accident; and
I said it was not within human possibility to determine, on the
part of the plaintiff, what caused the accident; but the accident
did happen, and I have merely stated the evironment."

We do not think this statement ought to be construed as a
withdrawal of the plaintiff's contention that the accident hap-
pened in consequence of a defect in the road.

We need not consider at this time the question whether neg-
ligence on the part of the defendant could be inferred merely
from the happening of the accident, without more.  The plaintiff
did not rely solely upon the accident, but offered to prove other

facts tending to show a defective road, viz. due care on his own part and on the part of his fellow employees, the want of smoothness in the running of the cars, and the inferiority of this track to the main track in respect to ballasting or grading. In an opening statement, it was not necessary for him to go further in defining how rough the road was, or how poor was the ballasting or the grading.

Taking the offer of proof of these other facts in connection with the happening of the accident, in the opinion of a majority of the court it was enough to entitle the plaintiff to put in his evidence.                                        *Exceptions sustained.*