JOHN M. KANZ *vs.* DANIEL S. PAGE & another.

Suffolk.    March 4, 1897. — March 30, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Assumption of Risk — Action.*

An action cannot be maintained, either at common law or under the employers'
liability act, St. 1887, c. 270, for injuries caused by a piece of iron falling upon
the plaintiff's head from the ceiling of the engine room in the defendant's
factory, where a fly wheel had exploded, the plaintiff having been sent into
the room by the defendant's superintendent to clear out the rubbish after the
explosion.

TORT for personal injuries occasioned to the plaintiff, while in
the defendants' employ, by the alleged negligence of the defend-
ants and their superintendent. Trial in the Superior Court, be-
fore *Bishop*, J., who, at the defendants' request, ruled that the
plaintiff could not maintain the action, and directed the jury to
return a verdict for the defendants; and the plaintiff alleged
exceptions. The facts sufficiently appear in the opinion.

*F. J. Daggett & G. P. Wardner*, for the plaintiff.

*A. H. Wellman*, ( *G. C. Dickson* with him,) for the defendants.

HOLMES, J. This is an action for personal injuries caused by
the fall of a piece of iron upon the plaintiff's head from the ceil-
ing of a room in the defendants' factory. There are counts at
common law and under the employers' liability act, but in the
view which we take of the case nothing turns upon the distinc-
tion. The facts were that a fly wheel had exploded in the en-
gine room, and the plaintiff was sent into the room to clear out
the rubbish. We assume that this order was given by the de-
fendants' superintendent, and that the defendants knew that the
plaintiff was there. The defendants also knew the shattered
condition of the room, which was obvious, but did not know that
there was any iron likely to fall from the ceiling. While the
plaintiff was at work, the iron fell upon him. The plaintiff's
position is that it was the defendants' duty to examine the place
more fully than they had done before sending him in there, and
that the plaintiff had a right to rely to some extent upon their

or the superintendent's having done so before sending him to work.

We are of opinion that the principle referred to does not apply to the case. Obviously there are limits to the duty of employers to provide for the safety of their workmen, — limits set by what is practicable in a commercial sense, and limits set by what naturally is to be expected under the circumstances. The chief sphere of the duty is in the permanent or recurring conditions of the machinery or the place where the workman is employed, so far as it is under the employer's control, where the danger is not obvious or necessarily incident to the business. An extreme example is *Burgess* v. *Davis Sulphur Ore Co.* 165 Mass. 71. But there are many momentary dangers which, though hidden, it is impracticable to guard against by inspection, and for which on this ground the employer is held not liable. *Whittaker* v. *Bent*, 167 Mass. 588. There are others which, even if permanent conditions of the business, are obvious without warning, and of which the workman must take the risk if he accepts employment there. *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580, 587. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135. There are others which are both transitory and obvious, or at least equally easy to be discovered by employer and employed. When a room has been shattered by an explosion, it is plain to everybody that things are not in their normal condition, that the usual support of part by part has been shaken or interfered with, and that some portion may have been weakened to the point of being ready to fall. If the explosion was of an iron wheel, it is plain that the fragments probably have flown in different directions, and that they may have lodged above or below. When a workman is sent into such a room on the day of the explosion to clear away the ruins, it is manifest that he is taking one of the steps which are necessary to disclose just what has happened. It is not a natural inference on the part of one so sent that the place has been inspected, and it is not a natural interpretation of the offer to take it as implying that the superior knows that it is safe. Such an inference and interpretation are not based on the experience of life; they are mere deductions from the letter of an inaccurately stated rule of duty assumed beforehand to cover

the case. Some one must be first in the place of possible danger. The workman sent in to clean it up has no right to assume that he is not the first, nor is the employer bound in formal language to notify him that no one as yet has made certain that nothing will give way.     *Exceptions overruled.*