## LOUIS BEIQUE *vs.* JOHN R. HOSMER.

Hampden.    September 28, 1897. — November 24, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Action — Employers'*
*Liability Act — " Ways, Works, or Machinery."*

An experienced workman in the employ of a subcontractor, who is doing the carpentry in the construction of a building, cannot maintain an action against his employer for injuries sustained by falling through a hole cut in one of the floors, under the authority of the general contractor, by another subcontractor, for the purposes of his work in concreting the basement, on the ground that the defendant, who knew that the hole was there, ought to have guarded it or warned the plaintiff of it.

A building in the process of erection is not a part of the " ways, works, or machinery " of a subcontractor, who is engaged in a portion of its construction, within the meaning of the employers' liability act, St. 1887, c. 270, § 1, cl. 1.

TORT, for personal injuries received by the plaintiff while in the defendant's employ.   The declaration contained three counts; the first at common law, for negligently putting the plaintiff to work in an unsafe place; and the second and third counts, under the employers' liability act, St. 1887, c. 270, alleging a defect in the ways, works, or machinery of the defendant, and the negligence of a person in the defendant's service, intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence.

Trial in the Superior Court, before *Dewey*, J., who reported

the case for the determination of this court, in substance as follows.

The plaintiff was an experienced carpenter, and had been employed by the defendant for several months prior to the accident, which happened on November 12, 1895. The defendant had a contract to do the carpentry upon an addition to the Lyman Mills in Holyoke, under one Dodge, who was the general contractor; and one Prew had the contract for concreting the basement of the building. About six or eight weeks before the accident, Prew cut a hole through the covering of the first floor of the building, near the centre of the floor, for the purpose of getting through the materials for the concreting of the cellar. The cutting of this hole was authorized by Dodge. At about seven o'clock on the night of the accident, the defendant's superintendent told the plaintiff and another workman that it was necessary to put in some windows on the first floor, and they proceeded down stairs from the floor above, the superintendent leading the way with a lighted lantern. Upon reaching the lower floor the superintendent was called away, and left his lantern there. The plaintiff then started to go across the floor and get the window sashes to put in place, and fell through the hole, sustaining the injuries complained of. The plaintiff testified that the superintendent told him to "go and get the windows"; that it was rather dark there; and that he did not know of the existence of the hole. The defendant and his superintendent each testified that they knew that the hole was in the floor for several weeks before the accident; and the latter also testified that, during that time, he had sometimes seen the plaintiff around the hole.

At the close of the evidence, the judge, at the defendant's request, directed the jury to return a verdict for the defendant. If the case should have been submitted to the jury, it was to stand for trial; if the ruling was correct, judgment was to be entered on the verdict.

*W. Hamilton*, (*W. H. Brooks* with him,) for the plaintiff.

*J. B. Carroll*, (*W. H. McClintock* with him,) for the defendant.

MORTON, J. The hole through which the plaintiff fell was not cut by the defendant, or by his direction, or that of any one in his employ. It was cut by one Prew, under authority from

one Dodge, the general contractor, for purposes connected with Prew's work, and not with that of the defendant. If therefore there was any negligence on the part of the defendant or of his superintendent, it was not in causing the hole to be cut. It appears, however, that the defendant and his superintendent knew for several weeks before the accident that the hole was there, and it is said that they should have covered or guarded it, or have warned the plaintiff of it.

The plaintiff was an experienced workman. The building on which he was working was in the process of construction. Obviously, the condition of such a building is not a permanent one, but is liable to change as the necessities of construction require. An experienced workman must be assumed to know this, and to have regard to it. It is one of the risks of the business in which he is engaged. To require his employer to warn him or to guard him against such a risk would be, therefore, to compel the employer to protect him from a risk concerning which, from the very nature of the case, the employer would have no reason to suppose that the workman needed any warning or protection. *Kanz* v. *Page*, 168 Mass. 217. *McCann* v. *Kennedy*, 167 Mass. 23. *Hogarth* v. *Pocasset Manuf. Co.* 167 Mass. 254. Though the hole had been there several weeks, there is nothing to show that the defendant had any reason to suppose that the plaintiff needed any warning or protection in regard to it.

We think that the building was not " ways, works, or machinery connected with or used in the business " of the defendant, and that therefore the hole did not constitute a defect in the ways, works, or machinery of the defendant. *Lynch* v. *Allyn*, 160 Mass. 248. When completed, the building would no doubt constitute a part of the ways, works, or machinery of the Lyman Mills, for which it was being erected, but while in the process of erection it could not be said, we think, to be a part of the ways, works, or machinery of a subcontractor who was helping to build it.

*Exceptions overruled.*