MALCOLM CAMPBELL *vs.* CHARLES E. DEARBORN.

Suffolk. November 16, 1899. — January 5, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Due Care — Negligence — Assumption of Risk — Employers' Liability Act — Evidence.*

At the trial of an action for personal injuries, it appeared that the plaintiff was employed in the defendant's lumber yard, had worked there for ten or eleven years, and was experienced in the business ; that he was at work on top of one of the piles of lumber, toward the rear, when the end of the board on which he stood sank under his weight, probably by reason of its having a shorter board underneath it, and that the boards in the pile were laid so that their ends were even on the front of the pile; but, as the boards were of different lengths, the rear of the pile was uneven, the longer boards projecting over the shorter ones. The plaintiff testified that he thought all the planks under the place where he was standing were long, although he knew that the pile was determined by the width not by the length of the boards, knew generally that boards of different lengths were put in the same pile, and seemingly knew that there were boards of different lengths in this pile. *Held,* that the plaintiff assumed the risk, that a pile of boards is not ways, works, or machinery, within the employers' liability act, St. 1887, c. 270, and that this opinion as to the defendant's duty made certain evidence immaterial.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ by reason of the defendant's alleged negligence in the piling of a lot of lumber. The declaration contained two counts, the first at common law, and the second under the employers' liability act, St. 1887, c. 270. Trial in the Superior Court, before *Hardy*, J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*G. L. Wilson*, for the plaintiff.

*S. H. Tyng*, for the defendant.

HOLMES, C. J. This is an action for personal injuries, which comes here upon exceptions to a ruling that the plaintiff was not entitled to go to the jury. The plaintiff was employed in the defendant's lumber yard, and had worked there for ten or eleven years. Of course he was experienced in the business. He was at work on top of one of the piles of lumber, toward the rear, when the end of the board on which he stood sank under his weight, probably by reason of its having a shorter board underneath it. The boards in the pile were laid so that their ends were even on the front of the pile; but, as the boards were of different lengths, the rear of the pile was uneven, the longer boards projecting over the shorter ones. These seem to be all the facts necessary to be stated, except that the plaintiff testified that he thought all the planks under the place where he was standing were long, although he knew that the pile was determined by the width not by the length of the boards, knew generally that boards of different lengths were put in the same pile, and seemingly knew that there were boards of different lengths in this pile.

We are of opinion that the ruling was right. If the cause of the accident was not conjectural, it was, as we have said, the fact that a longer board lay upon a shorter one. This was one of the risks of the business in which the plaintiff engaged. The boards came and went, sometimes they were longer and sometimes shorter, but they all had to go upon the pile. In our opinion, whether the duty of an employer to take reasonable care to secure the safety of his employees while at their work is regarded as a duty with reference to the character of the place where they work, or as one which goes no further than to re-

quire notice of the danger to the employees, no failure to perform it on the part of the defendant is made out. He had a right to pile the boards in the way he did, and he had a right to assume that the plaintiff would anticipate and look out for their being piled in that way. If he had told the plaintiff to look out for such a possibility, he would not have been liable for the accident. But the plaintiff knew, or ought to have known, the danger as well as he, and therefore to have told him would have been an empty form. We should add that we think it plain that a pile of boards is not ways, works, or machinery within St. 1887, c. 270, § 1. See *Lynch* v. *Allyn,* 160 Mass. 248.

The opinion which we entertain about the defendant's duty makes what may have been usual in other yards and the other questions of evidence immaterial. See *Maynard* v. *Buck,* 100 Mass. 40, 47, 48; *McMahon* v. *McHale,* 174 Mass. 320; *Janvrin, petitioner,* 174 Mass. 514, 518; *Grand Trunk Railroad* v. *Richardson,* 91 U. S. 454, 469, 470; *Wabash Railway* v. *McDaniels,* 107 U. S. 454, 460, 461.                    *Exceptions overruled.*