### CHARLES MORRIS *vs.* WALWORTH MANUFACTURING COMPANY.

Suffolk.    January 10, 1902. — May 20, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* Employer's liability.

In an action for personal injuries by one employed as a helper in the defendant's iron works, it appeared, that the plaintiff was ordered by a person, who he said was "boss" and had six or seven and perhaps more men under him, to carry pieces of pipe to a part of an unfinished building of the defendant which was reached by passing over a temporary bridge laid that morning, formed by three planks side by side fastened together by a piece of wood nailed underneath in the middle, that as the plaintiff after leaving a piece of pipe was returning over the planks, one of them tipped or bent, his toes caught and he fell and broke one of his legs, and that after the accident he noticed that some of the nails had come out of the cleat. *Held,* that, if the person called "boss" was acting as superintendent and was not merely a foreman in charge of a gang, it did not appear that he had anything to do with the planks ; *also,* that the planks could not be

considered ways or works within the meaning of the employers' liability act, being used only for a temporary purpose; *also*, that the evidence would not warrant a jury in finding that the defendant was negligent in failing to furnish the plaintiff with a suitable and safe way over which to pass in doing his work.

LATHROP, J.   The plaintiff was injured while in the employ of the defendant.   The declaration contains two counts, one under the St. of 1887, c. 270, § 1, and the other at common law. The case comes before us on the defendant's exception to the refusal of the judge to rule at the close of the evidence that the plaintiff could not recover.

The plaintiff was between twenty-nine and thirty years old. He had been in this country between five and six years.   Before coming here he had done farmer's work and work as a helper in iron foundries.   After his coming, he worked on farms about five months, and the rest of the time in factories on iron work, and for three years of the time he helped put up fire escapes on finished and unfinished buildings.   He worked on stagings, on platforms, and on planks.

The plaintiff was employed by the defendant as a helper at its works in South Boston, and had been so employed a little more than five months, working as a helper for everybody.   At the time of the accident he was at work on a new building belonging to the defendant.   The outer walls were up and it was roofed in.   On the outside of the building was a platform which extended the whole length of the building, and was about twenty-five feet wide, and five feet high from the ground, with steps leading to the ground.   There was an opening about six feet wide in the wall of the building on to this platform; and there was a brick retaining wall on the inside of the building extending from the corner of the opening at a right angle, and all the floor space beyond this retaining wall had been filled with ashes level with the top of the wall.

For three days before the accident there had been but one plank, connecting the opening in the outer wall with the retaining wall inside.   The plaintiff testified that some of the men put it there; that on the morning of the injury there were three planks laid across this corner, each five or six inches wide, and six, seven or eight feet long, fastened together by a piece of wood nailed underneath in the middle, and projecting slightly

beyond the planks; that he was set to work by one Riddell and directed to take pipe into the place where the ashes were and lay them there; that he took one piece in and set it, and on coming out, in walking over the planks, one of them tipped or bent, his toes caught, and he fell and broke one of his legs; and that he noticed after the accident that some of the nails had come out of the cleat.

It is contended that Riddell was either a superintendent, or that he was acting as superintendent with the authority or consent of the employer, under the St. of 1894, c. 499. All the evidence on this point comes from the plaintiff, who, when asked "What did John Riddell do about there?" said, "He is boss"; and in answer to another question said he had perhaps six or seven, perhaps more, under him. Without stopping to consider whether this is enough to show more than that he was merely a foreman in charge of a gang, we are of opinion that there is nothing to show that Riddell had anything to do with the planks, or that there was any negligence on his part in respect to them. For aught that appears the planks were fastened together by some of the fellow workmen of the plaintiff.

We are also of opinion that the planks cannot be considered as ways or works within the statute. They were used merely for a temporary purpose. *Lynch* v. *Allyn*, 160 Mass. 248. *Burns* v. *Washburn*, 160 Mass. 457. *Adasken* v. *Gilbert*, 165 Mass. 443, 445. *Beique* v. *Hosmer*, 169 Mass. 541.

Nor do we find any evidence which would warrant the jury in finding a verdict for the plaintiff on the count at common law. The plaintiff failed to show negligence on the part of the defendant.

*Exceptions sustained.*

*H. E. Warner*, for the defendant.
*H. P. Harriman & J. F. Neal*, for the plaintiff.