JOSIAH JOHNSON *vs.* H. P. CUMMINGS CONSTRUCTION COMPANY.

Middlesex.   January 22, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* In constructing building.

In an action by a sub-contractor against a principal contractor, who was engaged in making over a dwelling house into a school house and had employed the plaintiff to do the necessary painting, for personal injuries caused by the plaintiff stepping back into a hole about a foot or fourteen inches square, which had been left in the floor of an unfinished room of the basement in order to make the final tests of a sewer pipe below, it appeared that the defendant had given orders to have all such places nailed down as a matter of safety, that, pursuant to this order, some days before the accident the hole had been covered by boards which extended upon the floor over and beyond the hole, and that on the morning of the day of the accident these boards, without orders from the defendant and without his knowledge, had been taken up by a man who was sent to sweep the floor. The plaintiff testified that he " had never noticed the hole in the floor, or had known of its existence." *Held,* that the existence of such a hole was a risk incidental to the employment of the plaintiff, and that, as the plaintiff never had noticed the hole and never had known of its existence, he could not have relied on having boards kept over it or complain of its being uncovered on the morning of the accident.

TORT for personal injuries received in the afternoon of September 26, 1906, while the plaintiff was at work doing certain painting under a contract with the defendant in an unfinished gymnasium in the basement of the Fessenden Schoolhouse in Newtonville. Writ dated August 14, 1907.

In the Superior Court the case was tried before *Fox*, J. At the close of the plaintiff's evidence the defendant asked the judge to order a verdict for the defendant. This the judge refused to do, and submitted the case to the jury, but, at the request of the parties, he instructed the jury to return a verdict for the plaintiff in the sum of $5,000, and reported the case for determination by this court. It was agreed that, if it should be found that the judge was wrong in' submitting the case to the jury, judgment was to be entered for the defendant; otherwise, judgment was to be entered upon the verdict for the plaintiff.

*J. H. Vahey*, (*P. Mansfield* with him,) for the plaintiff.

*J. Lowell & J. A. Lowell*, for the defendant.

LORING, J. The injury here in question happened under the following circumstances. The plaintiff had made a sub-contract with the defendant, as the general contractor, to do the painting necessary in making over a dwelling into a school house. He was a painter of experience. At the time of the accident he was engaged in oiling a dado in the basement part of the new construction. In order to look at "a space" which he had just oiled, he stepped back into a hole in the floor about a foot to fourteen inches square. This hole "had to be left open in order to get down to, to clean out and to make the final tests of the sewer pipe which was below." "The room was not finished." The defendant had given orders to have all such places nailed down as a matter of safety. Pursuant to that order, some days before the accident, this hole had been covered by boards which extended over and beyond the hole and above the floor. These boards had been taken up on the morning of the day in question, without orders from or the knowledge of the defendant, by an employee who was put in to sweep up the floor.

The case at bar comes within the doctrine that a defendant who employs the plaintiff in constructing or tearing down a building owes him no duty with respect to risks incident to

that employment.   *Beique* v. *Hosmer*, 169 Mass. 541.   *Boisvert* v. *Ward*, 199 Mass. 594.

The plaintiff testified that he " had never noticed the hole in the floor, or had known of its existence."   For that reason he cannot complain that the hole was uncovered on the morning of the accident.

*Judgment for the defendant.*