ALEXANDER R. MURDOCK vs. PAINE FURNITURE COMPANY.

Suffolk.    January 16, 1912. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Negligence*, Employer's liability.

At the trial of an action at common law by an employee against his employer to
recover for personal injuries due to the plaintiff's leg coming in contact with a
nail which projected half an inch from the end of a mahogany board protrud-
ing six or eight inches into a passageway between piles of lumber along which
the plaintiff was passing in assisting his employer to take account of stock, it
appeared that the plaintiff was an experienced workman and at one time had
been a foreman in the room where the alleged injury was received, that in tak-
ing account of stock it was necessary for two men to move each board from
one pile to another, that mahogany boards had cleats nailed across their
ends to prevent them from splitting and that the plaintiff knew that such
cleats frequently were knocked off leaving nails exposed. *Held*, that the
plaintiff could not recover, because the alleged injury was due to an obvious
risk of the employer's business which the plaintiff had assumed; and because
there was no evidence of negligence of the employer.

MORTON, J.  This is an action of tort at common law to recover
for injuries received by the plaintiff on January 31, 1907, while
in the defendant's employ.  The Chief Justice of the Superior
Court ordered a verdict for the defendant and reported the case.

The defendant had been engaged in taking stock for two or three
days.  The plaintiff was assisting in this work, and while so assist-
ing was injured by his leg coming in contact with a nail in the end
of a board projecting six or eight inches into the passageway
between the piles of lumber.  The nail projected from the end of
the board about half an inch.  The board that caused the in-
jury was in a pile of mahogany lumber.  In taking account of
stock it was necessary to get the number of feet in each board,
and in doing that each board was lifted off the pile where it was
on to another pile and when the number of feet in the pile had thus
been ascertained the pile was put back again into its former posi-
tion.  This work was done by two men, one at each end of the pile.
It was intended in piling the boards to have the ends next to the
passageway even.  The mahogany boards had strips or cleats
nailed across the ends with inch and a half wire nails to keep them

from splitting. It appeared that it was a common thing for these strips or cleats to get knocked off, and that the plaintiff knew it, and that the one on the board in question had been knocked off,— it did not appear when or how. The plaintiff testified that there were four nails left in the board and that he drew them out without saying anything to any one. The plaintiff was an experienced workman and had formerly worked in the same room as foreman, but had left the defendant's employ, returning in January, 1904, and working ever since under another person as foreman in the same room where the accident occurred.

The plaintiff testified that he never before had seen a board projecting into the passageway. But it is obvious that it was a thing that was liable to happen in the ordinary work of piling lumber, and if so it must be regarded, we think, like the knocking off of the cleat leaving projecting nails, as one of the risks of the business which the plaintiff assumed. It is difficult also to see how there was any negligence on the part of the defendant. It would have been idle to instruct the plaintiff in regard to a matter which, judging from his experience, he would be as likely to know about as any one. And still further, the risk might well be deemed to have been one of those transitory risks in regard to which the employer owes no duty of inspection to his employees and may properly rely upon them to look out for themselves. See *Whittaker* v. *Bent,* 167 Mass. 588; *McCann* v. *Kennedy,* 167 Mass. 23; *Campbell* v. *Dearborn,* 175 Mass. 183.

*Judgment on the verdict for the defendant.*

*James J. McCarthy,* for the plaintiff.

*W. H. Hitchcock,* (*W. L. Allen* with him,) for the defendant.