### DANIEL GAINEY *vs.* E. A. PEABODY & another.

Essex.   November 8, 1911, November 6, 1912. — January 4, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON,
& DECOURCY, JJ.

*Negligence,* Employer's liability.

A mason's tender in the employ of a contractor for the mason, terra cotta and stone
work of a building in process of construction, which is not an iron or steel framed
building within the meaning of R. L. c. 104, § 44, assumes the risk of injury
from falling through an opening in the plank flooring of the building which
existed and was obvious at the beginning of his contract of employment three
days before the accident and which at the time of the accident has been
made less obvious by the temporary piling of terra cotta nearer to it and higher
about it.

TORT by a mason's tender for personal injuries sustained on
October 6, 1904, while in the employ of the defendants, who had a
sub-contract to do mason, terra cotta and stone work in a build-
ing in process of construction in Lawrence, by falling into the
basement of the building through an opening in the first or street
floor.   Writ dated October 5, 1905.

In the Superior Court the case was tried before *Bell,* J.   The
building was two hundred feet long and seventy-five feet wide.
At the time of the accident the walls were up to about the
seventh story, and the first rough flooring had been laid on all of
the seven floors.   The stairway, elevator and other openings, about
four or five on each floor, were open and were not guarded or
covered.   The hole through which the plaintiff fell was used to
take up brick, but had not been in use for a month.   The plaintiff
testified that he had been a hod carrier for over twenty years
and that he went to work for the defendants on October 4, 1904;
that on that day and on the succeeding day he was at work in
the basement of the building and had no occasion to go and did
not go to the street floor or to any other floor of the building;
that on October 6 he was ordered to go to work on the seventh
floor; that in going there he went from the ground to the second
or third floor by an outside ladder and then went to the seventh
floor by a series of inside ladders; that in going to dinner at

noon and in returning to work after dinner he followed the same route; that at five o'clock on the afternoon of that day he had quit work and followed the other men who had been working with him down the series of ladders leading from floor to floor; that from the second story to the first or street floor the men went down an inside ladder and he followed them; that it was dark on the street floor on account of the setting of the sun and of the obstructions on the outside of the building and around the hole; that he followed close after the man in front of him for fear that he should fall into a hole or other place; and that he was about ten feet away from the man in front of him when he fell into the hole and was injured. The facts shown by the evi-- dence in regard to the character of the hole and the condition of its surroundings at the time of the accident are stated in the opinion.

The judge refused to order a verdict for the defendant. He "instructed the jury that the plaintiff was not entitled to recover by reason of the unguarded or uncovered condition of this open- ing in the floor through which he fell, and further instructed them that in order to recover the plaintiff must prove that there had been such change in the condition of the terra cotta surrounding this opening from October 4, the date when he went to work, to October 6, the date when he was injured, as to render it more dangerous, and they must further find that this accident was caused by this change in the condition of the terra cotta."

The jury returned a verdict for the plaintiff in the sum of $1,500, and by agreement of the parties the judge reported the case for determination by this court. If the case should have been sub- mitted to the jury, judgment was to be entered on the verdict; otherwise, judgment was to be entered for the defendants.

The report having been discharged by an order of this court for any amendment which the judge might think necessary bear- ing upon the question whether the building in the course of con- struction in which the plaintiff was injured was a steel framed building within the meaning of R. L. c. 104, § 44, the judge, after a hearing, made a supplemental report in which he stated that the question whether the building was a steel framed building was not raised at the trial before him and was not passed upon by the jury. The supplemental report was presented to this court with further argument on November 6, 1912.

The case first was argued at the bar in November, 1911, and again in November, 1912, before *Rugg,* C. J., *Hammond, Braley, Sheldon,* & *De Courcy,* JJ., and afterwards was submitted on briefs to all the justices.

*W. Coulson,* for the plaintiff.

*J. G. Walsh,* for the defendants.

RUGG, C. J. The plaintiff was a mason's tender in the employ of the defendants, of many years' experience. He was engaged to work upon a building in process of construction. By the record as amended it is apparent that it is not now open to the plaintiff to argue that the building was an iron or steel framed building. Hence the provisions of R. L. c. 104, § 44, do not apply. The law applicable to the relation of the parties under these circumstances is as stated by Knowlton, J., in *Murphy* v. *Greeley,* 146 Mass. 196, at 200: "The defendant was under no obligation to provide against the ordinary risks incident to the performance of the contract which" the plaintiff "entered into, nor against any special risks incident to the peculiar manner in which he might perform it." The plaintiff seeks to distinguish the case at bar from this principle by reason of its facts. These are in substance that he had been at work upon the building three days, and was injured by stepping off a plank which spanned an opening on the first floor, as he was leaving the building in company with other laborers. The opening had been made by the defendants, and had been used for hoisting materials, but not for a month before the accident. The place was somewhat dark, partly by reason of its location in the building, but chiefly by reason of the piling of terra cotta close to the hole, so that it was not possible to go around it. The amount and location of the terra cotta changed from day to day, as it was used in the construction of the building, and fresh supplies were brought in. There was evidence tending to show that the place was darker, by reason of more terra cotta about the hole, than it was at the time of the employment of the plaintiff. The mere existence of a hole in the floor of a building in process of construction is in itself no evidence of negligence. It is one of the conditions which, apart from statutory obligation to guard, must be anticipated by anybody working there. *Beique* v. *Hosmer,* 169 Mass. 541. *Morris* v. *Walworth Manuf. Co.* 181 Mass. 326. *Eisner* v. *Horton,* 200 Mass.

507. *Johnson* v. *H. P. Cummings Construction Co.* 201 Mass. 477. Moreover, the hole was the same in size and position as when the plaintiff entered upon his contract of employment. It was open and obvious, and the risk from it must be held to have been assumed. *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412. *Crimmins* v. *Booth,* 202 Mass. 17. *Butler* v. *Frazee,* 211 U. S. 459. The piling of the terra cotta, constantly varying in amount and position with the progress of the construction of the building, was a transitory risk, as to which no duty rested upon the defendants. Hence the circumstance that the place was darker than when the plaintiff entered the employment, by reason of piling the terra cotta nearer to the hole or higher about it, is immaterial. This danger was transitory. *McCann* v. *Kennedy,* 167 Mass. 23. *Kanz* v. *Page,* 168 Mass. 217. *Murdock* v. *Paine Furniture Co.* 211 Mass. 97. *Flynn* v. *Campbell,* 160 Mass. 128. *Whittaker* v. *Bent,* 167 Mass. 588.

The case is close to the line, but a majority of the court are of opinion that the record does not disclose any breach of any duty owed by the defendants to the plaintiff. In accordance with the terms of the report, judgment is to be entered for the defendants.

*So ordered.*