## LUIGI GALLI *vs.* WILLIAM DRAPEAU.

Middlesex.    October 20, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* In construction of a building, Independent contractor. *Evidence,* Presumptions and burden of proof.

Where at a trial before a jury the defendant in his testimony admits certain facts which tend to establish his liability and afterwards in his testimony gives an explanation of the admission which tends to neutralize its effect, a question is raised for the jury, who may accept the admission as first made and reject the explanation.

In an action against a general contractor engaged in the construction of a building, for personal injuries sustained by an employee of a subcontractor and caused by his falling through a hole in the roof, there was evidence tending to show that the hole had been made for a temporary purpose which had been fully accomplished, that it was the defendant's duty to board it over and that he had not performed that duty, that employees of another subcontractor engaged in roofing the building had covered the hole with roofing paper so that it presented the same appearance as the rest of the roof, that the plaintiff did

not know of the continued existence of the hole under the fragile covering, and that, while crossing the roof in the performance of his duty, he stepped upon the paper covering and fell into the hole. *Held,* that there was evidence of negligence of the defendant and of due care of the plaintiff.

If, as the direct consequence of the negligence of a general contractor engaged in the erection of a building, an employee of a subcontractor is injured, the general contractor is liable therefor although negligence of a second subcontractor contributed to cause the injury.

TORT for personal injuries received by an employee of a subcontractor who was doing the mason and stone work in the construction of a school house for the city of Malden under a contract with the defendant, who was the general contractor. Writ dated December 15, 1910.

The answer was merely a general denial.

The case was tried before *Pratt,* J. The material facts are stated in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence and the pleadings the plaintiff is not entitled to recover.

"3. The plaintiff assumed the risk of the accident and cannot therefore recover.

"4. There is no evidence of negligence on the part of the defendant and therefore the plaintiff cannot recover in this action.

"5. If this hole was put in the roof to permit a derrick rope to pass through it and was later covered with paper by an independent contractor, and not by the defendant, the plaintiff cannot recover in this action.

"6. The defendant did not owe the plaintiff any duty to protect him from falling into holes in the roof.

"7. The defendant did not owe the plaintiff any duty to protect him against the negligence of the subcontractor who laid the paper, or against the negligence of any other subcontractor."

The rulings were refused. The jury found for the plaintiff in the sum of $800; and the defendant alleged exceptions.

The case was submitted on briefs.

*N. F. Hesseltine, F. P. Garland & B. Berenson,* for the defendant.
*M. F. Cunningham & J. T. Ronan,* for the plaintiff.

SHELDON, J. The plaintiff's injury arose from his stepping into a hole in the roof of a building upon which he was employed to

work by a subcontractor. The building was in process of construction, and the hole itself did not while open constitute a hidden danger for which the defendant could have been held responsible. But there was evidence that the temporary purpose for which the hole had been made had been fully accomplished, and the defendant, who was in charge of the whole work of erection, himself testified that it had become his duty to board it up. His foreman testified to the same effect. Both the defendant and his foreman afterwards gave an explanation of this testimony, which went far to neutralize its effect. But this of course merely raised a question for the jury, who could accept the admission as first made and reject the explanation if they thought it right to do so. There was also evidence that after the defendant had had ample time to board up the hole, the roofers who were at work there under another contract with the defendant had covered it over with roofing paper, so that it presented the same appearance as other parts of the roof around it and really constituted a trap to one who did not know, as it could be found that the plaintiff did not know, of the continued existence of the hole under the fragile covering of paper. This warranted a finding of negligence on the part of the defendant.

There was evidence that the plaintiff was in the exercise of due care. He was assisting to carry a stone over the roof, as it could be found, in a proper manner, without actual knowledge that the hole was there, and without the means of discovering it if (as we must now take the fact to be) it was covered over in the manner stated. Upon the testimony on which he relied, it well might be found that there was no fault or neglect on his part.

It follows that the judge acted rightly in refusing to make either of the first four rulings asked for by the defendant.

Nor could the other requests have been given. They omitted the important consideration that the jury could find from the defendant's own admission that he had assumed the duty of boarding up this hole, and might have boarded it up before the happening of the accident. If the negligence of some independent contractor or subcontractor co-operated with that of the defendant in causing the plaintiff's injury, this would not relieve the defendant from liability for the direct consequences of his own breach of duty.

The circumstances presented here differ materially from those which appeared in such cases as *Gainey* v. *Peabody,* 213 Mass. 229, *Beique* v. *Hosmer,* 169 Mass. 541, *Murphy* v. *Altman,* 28 App. Div. (N. Y.) 472, and *Hogan* v. *Arbuckle,* 73 App. Div. (N. Y.) 591, relied on by the defendant.

*Exceptions overruled.*