VICTOR AMERO *vs.* CHARLES F. ADAMS & others, trustees.

Suffolk.    March 2, 1914. — March ·31, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Employer's liability.

A workman in the employ of a coke manufacturer was at work in the night time transporting mortar in a wheelbarrow over an elevated iron platform, when this work was interrupted in order to repair a bracket that supported three of the iron plates in the floor of the platform, and these plates were removed, leaving an open space of about forty-four inches. Two hours later the superintendent of the manufacturer notified the workman that he had "fixed" the place where the plates were loose and that it was all right and safe for him to go on. The workman "saw that the plates had been taken out and some boards put over the place" and that "the boards were simply laid down on top of the plates," the ends resting on the edges of the iron plates at the ends of the opening. Three hours later the workman wheeled a load of one hundred pounds along the platform and over the planks, returning with his empty wheelbarrow by the same way. Two hours later still the workman, with a load of about three hundred pounds upon his wheelbarrow, came along the platform to the planking, and the wheel of the barrow pushed the end of one of the planks off the plate, the wheel went off the edge of the platform and the workman with the barrow fell eighteen feet to the floor below. In an action by the workman against his employer for his injuries thus sustained, it was *held,* that the defendant owed the plaintiff no duty to instruct or warn him in regard to the obvious and transitory risk of passing over the planks.

TORT for personal injuries sustained by the plaintiff while in the employ of the defendants, who were the trustees of a voluntary association called the New England Gas and Coke Company, at about 4.30 A. M. on April 20, 1906. Writ dated July 18, 1906.

In the Superior Court the case was tried before *Fox,* J., who at the close of the evidence, which is described in the opinion,

ordered a verdict for the defendants. The plaintiff alleged exceptions.

*W. L. Collins,* for the plaintiff.

*J. W. Britton,* for the defendants.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff while in the defendants' employ.

The first and second counts of the declaration are based upon the employers' liability act, and the third count is at common law.

The defendants were engaged in the manufacture of coke from coal, at their plant in Everett, and at the time of the accident the plaintiff was carrying mortar in a wheelbarrow from the ovens over an elevated platform to the end of the platform where it was deposited. The mortar thus being removed had been used during the process of making the coke to fill up cracks around the doors of the ovens to prevent the escape of gas therefrom.

The plaintiff was employed at night, and the accident occurred about half past four o'clock in the morning. The elevated platform was constructed of iron plates, held in place by iron brackets. The plates alternated in width, twelve inches and twenty inches, were about three feet and six inches to three feet and ten inches in length, and were fastened to and supported by "buckstays" and set into brackets attached to the front wall of the ovens. At about half past nine o'clock on the night of the accident, one of these brackets which supported three of the iron plates in the floor of the platform became loose and was broken, and the plates were removed, leaving an open space in the platform about forty-four inches wide, the length of which was the width of the platform. The plaintiff testified that at half past eleven o'clock the defendants' superintendent, Banville, notified him (the plaintiff) that he had "fixed" the place where the plates were loose, and that it was all right and safe for him (the plaintiff) to go on. He further testified that he (the plaintiff) "saw that the plates had been taken out and some boards put over the place;" and that "the boards were simply laid down on top of the plates." These planks, three in number, were twelve inches wide, one and seven eighths

inches thick, and from five to fourteen feet long. They were laid across the opening in the platform and were not fastened; the ends rested on the edges of the iron plates at the ends of the opening.

There was evidence to show that the room was "gassy and smoky," but that the lights were sufficient for the plaintiff to see how to perform his work. The plaintiff testified that at half past two o'clock that morning he wheeled a load of about one hundred pounds along the platform and over the planks, and returned across the planking. There was other evidence to show that about half past four o'clock that morning the plaintiff, with a load of about three hundred pounds upon his wheelbarrow, came along the platform to the planking, and as the wheel of the barrow struck one of the planks it pushed the end of the plank off the plate, "the wheel went off the edge of the platform, . . . and the plaintiff and the barrow" fell to the floor below, a distance of eighteen feet.

Upon these facts, as disclosed by the evidence, we are of opinion that the defendants were not negligent.

The evidence shows that only a few hours before the accident the platform became broken and the planks were laid down as a temporary means of passing over it; that the plaintiff knew that the plates had been removed and that planks had been placed across the opening; and that he saw them there before he passed over them. It appears that he had twice passed over the planking with his wheelbarrow before he was hurt. If there was a hidden danger which the plaintiff could not have appreciated or understood, it would have been the duty of the defendants to warn him; but the condition of the platform, with the planks laid across the opening was perfectly obvious and must have been as apparent to the plaintiff as to his employers. *Flynn* v. *Campbell*, 160 Mass. 128. The plaintiff was thirty-seven years of age, and there was no evidence to show that he was not of average intelligence. During the two years before the accident he had worked for the defendants "off and on" for fifteen months.

It is apparent that the placing of the planks across the opening was a temporary method of repairing the platform, and whatever risk there was in using it was not only obvious but

transitory, and the evidence would not warrant a finding that the defendants had any reason to believe that there was any danger of the plaintiff's being hurt while propelling his wheelbarrow in a reasonably careful manner over the planking. The defendants had a right to assume that the plaintiff knew those facts of common experience with which persons of ordinary understanding and intelligence are familiar. *McCann* v. *Kennedy,* 167 Mass. 23. *Beique* v. *Hosmer,* 169 Mass. 541. The method adopted for making temporary repairs upon the platform was a simple and ordinary contrivance, which could have been easily understood. There was nothing about it that was not as obvious to the plaintiff as it was to the defendants, and he required no instructions or warning from any one. *Gaudet* v. *Stansfield,* 182 Mass. 451. *Sampson* v. *Holbrook,* 192 Mass. 421. *Whalen* v. *Rosnosky,* 195 Mass. 545. As was said by Holmes, J., in *Whittaker* v. *Bent,* 167 Mass. 588: "The absolute obligation of an employer to see that due care is used to provide safe appliances for his workmen is not extended to all the passing risks which arise from short lived causes." *Brousseau* v. *Edward J. Cross Co.* 215 Mass. 541. *Gainey* v. *Peabody,* 213 Mass. 229. *Simoneau* v. *Rice & Hutchins,* 202 Mass. 82. *Boisvert* v. *Ward,* 199 Mass. 594.

As the evidence was not sufficient to warrant a finding that the defendants were negligent, the presiding judge rightly ruled that the plaintiff could not recover.

*Exceptions overruled.*