PATRICK NOONAN *vs.* WILLIAM FOLEY.

Suffolk. March 9, 1914. — May 21, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Employer's liability.

At the trial of an action by a plasterer's helper against his employer for personal injuries received in 1910 while the plaintiff under the direction of a superintendent of the defendant was helping to take down a temporary staging from the outside of a building in process of construction, there was evidence tending to show that the staging had been constructed three days before the plaintiff was injured of boards that were rough on the edges and had been used before for similar purposes, the boards being passed up by the superintendent to a fellow workman of the plaintiff and laid but not nailed upon brackets or ledger boards; that as to one of the boards used in the section which the plaintiff was taking down when he was injured, the superintendent warned such other workman to look out for "a nail sticking out in it," that the workman thereupon placed the plank with the nail protruding downward; that, as the plaintiff was taking down the staging and was throwing the planks to the ground, a nail caught upon his clothing and he was thrown down. There was no evidence tending to show that this nail was the same one that the superintendent had noticed when the staging was constructed. *Held,* that there was no evidence of negligence of the defendant either under the employers' liability act or at common law, because he was under no duty to warn or instruct the plaintiff concerning so obvious a danger incidental to his employment.

CROSBY, J. The plaintiff was injured while in the defendant's employ on March 28, 1910. The presiding judge in the Superior Court * directed a verdict for the defendant, and reported the case to this court.

On the day the plaintiff was injured the defendant finished certain work on a portion of a building in process of construction, and the staging which had been used on the outside of the building was being removed under the direction of the defendant's superintendent. The plaintiff was assisting in this work. The floor of the staging consisted of planks laid upon brackets or ledger boards and not nailed. These planks were ten or twelve feet long, ten inches wide, and about two inches thick. Two of these planks laid horizontally constituted a single staging.

---

* *Stevens,* J.

The plaintiff and another workman had been ordered by the defendant's superintendent, Magenis, to throw the planks from the staging to the ground. While engaged in this work, a spike or nail which protruded through one of the planks caught upon the plaintiff's clothing and he was dragged off the staging and fell to the ground, a distance of fifteen or twenty feet, and was injured.

The first count of the declaration was framed under the employers' liability act, and alleges not only a defect in the ways, works or machinery of the defendant, but also negligence of a superintendent. The second and third counts are at common law, alleging respectively a failure to furnish the plaintiff with suitable appliances with which to perform his work, and failure to warn the plaintiff. The temporary staging upon which the plaintiff was at work was not a part of the permanent ways or works of the defendant under R. L. c. 106, § 71, cl. 1. St. 1909, c. 514, § 127, cl. 1. *Burns* v. *Washburn,* 160 Mass. 457. *Feeney* v. *York Manuf. Co.* 189 Mass. 336. *Granara* v. *Jacobs,* 212 Mass. 271. There was evidence to show that the staging had been erected three days before the accident, and that Magenis, the superintendent, had assisted in the work by passing up the planks, which were placed in position by a workman, one Smith; and that Magenis, while passing up a plank, told Smith "'to look out for that plank, there is a nail sticking out in it, or a spike;' that Smith placed the plank in position on the third staging of said section, and where the accident occurred, turning the side of the plank in which the spike appeared downward." The record states that "the plaintiff was a plasterer's helper, but had been doing general work as a laborer around the building, carrying material to plasterers and anything that the superintendent asked him to do. . . . He had worked around buildings for nearly a year before the accident as a plasterer's tender but had never taken down stagings from a building before."

It appeared from the evidence that the nail projected about two inches beyond the plank and was plainly visible; that nails sometimes were driven into planks used for stagings, and that these planks had been used before for similar purposes and were rough on the edges.

The plaintiff testified that he knew if his clothing got caught

on the nail in the plank he might lose his balance; that he did not see the nail until after he was injured and did not look for it or examine the plank to see whether there were any splinters or anything else which might catch upon his clothing.

In view of the evidence it would seem that the plaintiff failed to exercise the care of a reasonably prudent person for his safety; yet if we assume that that question was for the jury, we are satisfied that no negligence on the part of the defendant is shown.

There is no evidence of negligence of the superintendent Magenis, unless it can be found from putting this plank with the nail driven through it upon the staging; but there is no evidence to show that this plank was the same plank that the plaintiff was attempting to throw to the ground when he was injured. Nor was there evidence to show that the plank which caused the plaintiff's injury ever was seen by Magenis. The nail which caught the plaintiff may have been driven into the plank afterwards, by some workmen, to strengthen the staging without the knowledge of the superintendent.

We are of opinion that the defendant is not liable at common law. The planks which were removed were rough and had been used previously in the erection of other stagings. It is obvious that sometimes it might be necessary to nail such planks together or to other parts of the staging, and that from use and wear they might become splintered or contain nails which would not be removed; that such a condition of the planking used for staging was likely to exist, and to keep it at all times free from nails or splinters would be difficult, if not impossible. The plaintiff did not need to be instructed or warned concerning a danger so obvious. We think that the danger of injury from splinters or protruding nails in this staging plank was one of the risks of the business which the plaintiff assumed. *Blake* v. *John F. Johnston Co.* 213 Mass. 143.

We are also of opinion that the danger of injury in the case at bar might well be regarded as transitory, and not a permanently dangerous condition of the place where the plaintiff was employed. The possibility of injury from such a cause was so remote that the defendant ought not reasonably to have anticipated injury to the plaintiff and to have guarded against it. The employer is not liable for a passing risk and owes no duty to warn, if it is of such

a character that the employee may be reasonably expected to care for himself. *McCann* v. *Kennedy,* 167 Mass. 23. *Whittaker* v. *Bent,* 167 Mass. 588. *Kanz* v. *Page,* 168 Mass. 217. *Campbell* v. *Dearborn,* 175 Mass. 183. *Murdock* v. *Paine Furniture Co.* 211 Mass. 97. *Gainey* v. *Peabody,* 213 Mass. 229. *Amero* v. *Adams, ante,* 367.

In accordance with the agreement of the parties as stated in the report, judgment is to be entered for the defendant.

*So ordered.*

*M. F. O'Malley,* for the plaintiff.
*W. H. Hitchcock,* for the defendant.