ANDREW E. COLE *vs.* L. D. WILLCUTT AND SONS COMPANY.

Suffolk.    March 9, 1914. — May 23, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Invited person.

An invitation, by a general contractor in charge of alterations in a building to an employee of a subcontractor, to use in the course of his employment stairs which workmen of the contractor have nearly completed and upon which they are laying balusters or rounds, is an invitation to use the stairs in the condition in which they are as to light and incompletion, and such employee of a subcontractor has no right of recovery from the general contractor for personal injuries caused by his stepping on a round lying upon the stairs and slipping and falling, because the general contractor owed him no duty to give him any warning of such a risk, which was obvious upon proper inspection.

TORT for personal injuries received when the plaintiff, an employee of an independent contractor who was doing the plumbing work in the making of certain alterations in the Rich Building in Boston, for which the defendant was the general contractor, fell down a flight of stairs which was in the defendant's exclusive control.

The case previously was before this court and was reported in 214 Mass. 453, when exceptions taken by the defendant at a trial before *Dana,* J., which resulted in a verdict for the plaintiff, were sustained.

There was a new trial before *Lawton,* J. The material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*B. A. Brickley,* for the plaintiff.

*W. R. Bigelow,* (*A. L. Nickerson* with him,) for the defendant.

SHELDON, J.   The defendant had a contract to make certain alterations in a building, including the construction of a flight of stairs from the first floor of the building to the basement.   The plaintiff was in the employ of an independent contractor who was doing the plumbing in the same building.   The stairs were nearly finished, and a servant of the defendant was laying balusters or rounds upon them, when the plaintiff, in going down the stairs in the proper performance of his work, stepped upon one of these rounds, slipped, fell and was injured.   The defendant had exclusive control of the stairs.   The plaintiff testified that the defendant's superintendent had instructed him to use the stairs in going to the basement, and there was evidence of the superintendent's authority to do this.   There was other evidence, much of which is set out at needless length, by question and answer, in a manner which ought not to have been permitted by the justice who allowed the exceptions.   At the conclusion of the plaintiff's evidence, a verdict was ordered for the defendant and the case is here upon the plaintiff's exceptions.

If the plaintiff was using the stairs by the bare sufferance or passive acquiescence of the defendant, we regard the case as settled by the former decision (214 Mass. 453).   As to this point, we find no material difference in the evidence now presented from that which formerly was before the court.   While there was evidence that the stairs had been nearly completed before the happening of the accident, yet the placing of the rounds remained to be done, and the defendant owed to the plaintiff as a mere licensee no duty to maintain the stairs in a safe and suitable condition.   It was bound only to refrain from doing him wilful injury and from wantonly or recklessly exposing him to danger.   There was no evidence of that.

But the plaintiff contends that the defendant had invited him to use the stairs, and so owed him a duty to keep them in safe condition for his use.   If there was such an invitation, it was merely to use them in the condition in which they were, with whatever work was openly and plainly being done upon them. When the plaintiff started down the stairs, he was bound to know that work might be going on upon them, that the defendant's men might be placing these rounds.   If the stairs were but dimly lighted, that very fact required him to use some diligence to as-

certain the existing state of things. The case, assuming such an invitation to have been given, comes under the rule stated in *Sullivan* v. *New Bedford Gas & Edison Light Co.* 190 Mass. 288, 292. The risk of accident was obvious upon proper inspection, and there was no duty upon the defendant to give any warning to the plaintiff. *Kempton* v. *Boston Elevated Railway,* 217 Mass. 124. And see *Crimmins* v. *Booth,* 202 Mass. 17, 22; *Gainey* v. *Peabody,* 213 Mass. 229; and *Galli* v. *Drapeau,* 216 Mass. 144, 146.

The verdict for the defendant was ordered rightly.

*Exceptions overruled.*