WILLIAM BROUSSEAU *vs.* EDWARD J. CROSS COMPANY.

Worcester.     September 29, 1913. — October 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability.

It is not the duty of the proprietor of a mill who employs an experienced carpenter
to work in repairing a portion of the mill building, including an elevator well, to
warn such carpenter that a pipe-shaped cylinder in plain sight near the elevator
well is a revolving shaft on which his clothing is likely to be caught if he puts
his arm around it.

TORT for personal injuries sustained by the plaintiff on October
30, 1911, when employed by the defendant as a carpenter to make
repairs in the Worcester Bleach and Dye Works on Fremont Street
in Worcester, a building belonging to the defendant which had
been injured by fire. Writ dated January 3, 1912.

In the Superior Court the case was tried before *Jenney,* J.,
who at the close of the plaintiff's evidence, which is described in
the opinion, ordered a verdict for the defendant. The plaintiff
alleged exceptions.

*P. T. Dolan,* for the plaintiff.

*C. M. Thayer,* for the defendant, submitted a brief.

HAMMOND, J. The plaintiff was a carpenter, apparently of
considerable experience. He was employed by the defendant to
work upon the mill. A part of the work was to repair the damage
caused by fire to the main building. In that building was an eleva-
tor well. In the course of the work the plaintiff was ordered to help
in sheathing the north side of the well. While at work on a staging
with a fellow workman in compliance with this order, the plaintiff,
facing the well, placed his arm over a revolving shaft which was
directly in front of him, drove one nail into a board and started
to drive a second nail into the same board, when his clothing was
caught in the shaft and he was hurt.

The plaintiff testified that he did not know that the pipe was
shafting and that he should have been warned of the danger.
Without reciting the evidence in detail it is sufficient to say that
there was no evidence of neglect of the defendant, nor of its super-

intendent. The defendant had no reason to think that the plaintiff, an experienced carpenter engaged in making repairs upon a mill then partially in operation, needed to be told to look out for shafting which was in plain sight, and it owed him no duty to give such warning.                              *Exceptions overruled.*