EDWARD LENZI, administrator, *vs.* HANSCOM CONSTRUCTION
COMPANY.

Middlesex.    March 15, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence.*

Where a construction company made a contract with a teamster, that the teamster should haul sand for it at so much a load from a sand pit which belonged to a person who had given permission to the company to take the sand provided his asparagus bed on the high land above one side of the pit was not undermined, and the only direction given to the teamster by the company as to the manner of taking sand was that the company's superintendent told him not to take sand from under the asparagus bed, and where a son of the teamster, seventeen years of age, who had driven a team for three years and was a bright, capable boy and a capable teamster, was in charge of one of his father's teams and while he was filling his team with sand an overhanging tree on the edge of the pit fell upon him and killed him, an action under St. 1907, c. 375, cannot be maintained against the company to recover damages for the boy's death; because the danger from the overhanging tree on the edge of the pit was as apparent to the boy as it was to the company, so that there was no duty to warn the boy of this danger, and as the employee of his father he was left to dig the sand in any way he chose that did not undermine the owner's asparagus bed.

TORT under St. 1907, c. 375, by the administrator of the estate of Lorenzo Lenzi, late of Sudbury, to recover damages to the use of the next of kin of the plaintiff's intestate for the death of the intestate from a tree falling upon him on December 8, 1911, in consequence of which he died two days later, the death being alleged to have been caused by the negligence of the defendant and its servants in permitting the tree to fall upon the intestate when he was not in the employ or service of the defendant and was in the exercise of due care.    Writ dated June 25, 1912.

In the Superior Court the case was tried before *Fox,* J., who at the close of the plaintiff's evidence, which is described in the opinion, ordered a verdict for the defendant.    The plaintiff alleged exceptions.

*A. D. Hill,* for the plaintiff.

*W. B. Sprout,* (*F. B. Kendall* with him,) for the defendant.

LORING, J. This is an action brought under St. 1907, c. 375, to recover a penalty for the death of the plaintiff's intestate, who was a minor son of the plaintiff. The intestate worked as a driver of one of the plaintiff's teams. The plaintiff had agreed to haul gravel for the defendant at so much a load, and the defendant had obtained a license from the owner of a sand pit (Wheeler by name) to take sand from his pit at so much a load. When Wheeler gave the defendant leave to take sand from his pit he told the defendant's superintendent that he did not want him to take the sand from one side of the pit (then pointed out) because he (Wheeler) had an asparagus bed which came almost to the edge of the high land above the pit at that point and if the sand were dug at that point the asparagus bed might fall into the pit. It seems to be agreed that hauling sand from Wheeler's pit was substituted for hauling gravel from the gravel pit, without dissent, and that in hauling sand the intestate was acting as an employee of his father, who had contracted to haul at so much a load.

The only eyewitness of the accident was one Buniello, who testified through an interpreter. His testimony is in some respects not intelligible, and in some respects seems to be contradictory. But upon the essential facts it is plain.

Buniello was sent by the defendant to help the intestate in loading his team with sand. When Buniello and the intestate first went to the sand pit the defendant's superintendent went with them and told them not to take sand from under the asparagus bed. Except for this caution there was no evidence that the superintendent gave any directions to the intestate or that he undertook to direct how the intestate should do his work. The matter in this connection was summed up by Buniello in these words: "Lenzi [the intestate] put his team where he wanted to take the dirt; sometimes he took it on one side and sometimes on the other side."

It appeared that at the top of the southerly side of the sand pit and on the edge of the top of that side there was a large oak tree which fell into the pit and killed the intestate. Buniello's testimony as to the accident here in question is in these words: "He [the intestate] was not digging at any time under the tree. When he was digging on the side opposite the water, he was quite a distance away from the tree; that when he was digging on the side

towards the water, he was quite a little distance away from the tree, so that whenever he [the witness] was working there that day with the Lenzi boy he kept away from the tree; that they were both filling the team; (that it was late in the evening; that there was no sun or lamps at the time); that the first thing that indicated any danger was when he heard a noise; that both ran to get away from the falling tree; that the team was eight or nine feet away from the tree when the accident happened; that Lenzi was seven feet away from the tree."

The case made out by the plaintiff is this: The intestate was an employee of a contractor who agreed with the defendant to haul sand, at so much a load, from a pit owned by a third person who had given the defendant leave to take sand from his pit, at so much a load. The defendant did not undertake to direct the intestate's employer how to do the work of digging the sand, but left the manner of doing it to the intestate's employer as an independent contractor and to the intestate as an employee of an independent contractor. The danger from the overhanging tree on the edge of this pit (which did not belong to the defendant) was as apparent to the intestate as it was to the defendant. By the testimony of the plaintiff (the intestate's father) the intestate was seventeen years of age, had driven a team for three years, and "was a bright, capable boy and a capable teamster." The only possible duty resting on the defendant under these circumstances would be the duty of warning the intestate of the danger from the tree. Under the circumstances there was no duty on the defendant to warn the intestate of this danger, which was as apparent to him as to the defendant. The case comes within *Hughes* v. *Malden & Melrose Gas Light Co.* 168 Mass. 395, and *Cole* v. *L. D. Willcutt & Sons Co.* 218 Mass. 71. We do not find anything in the cases cited by the plaintiff which requires special notice.

Under these circumstances it is not necessary to consider whether there was evidence that the intestate was actively looking out for his personal safety within the rule of *Hudson* v. *Lynn & Boston Railroad*, 178 Mass. 64, at the time of the accident. We put the matter in this way because St. 1914, c. 553, does not apply to this case.

*Exceptions overruled.*